**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-02046-WDM-MEH

GEREE G. WILLIAMS,

      Plaintiff,

v.

7-ELEVEN, INC., a Texas corporation,

      Defendant.

---

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      For good cause shown, and upon the stipulation and agreement of the parties, it is hereby ORDERED that:

      1.    This Protective Order ("Protective Order") shall govern the treatment and handling of all documents or other products of discovery produced by either party, or other information derived from discovery, and all copies, excerpts or summaries including (without limitation), answers to requests for admissions, answers to interrogatories, documents produced pursuant to a request for production of documents, documents produced or received in response to a subpoena, medical records and deposition transcripts.

      2.    The term "Confidential Information," as used in this Protective Order, shall mean all information designated as confidential by either party.  Any information may be designated as confidential if a party in good faith believes it to be confidential.  The parties and their counsel shall act in good faith to restrict to the smallest number possible the copies of documents and

1

responses and other information designated as confidential. In the event any party objects to any designation of information as confidential, the objecting party shall notify opposing counsel in writing of the objection within ten (10) days of receipt of the information designated confidential. Counsel for the parties then shall confer promptly and, if necessary, the party claiming confidentiality shall seek an Order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure within ten (10) days from the date the party claiming confidentiality receives notice of the objection, unless the parties agree to other arrangements. Where a party makes an objection within the provisions of this Protective Order, no disclosure of the information designated as confidential shall be made until the objection is determined by a court.

3. At the time of production, any document deemed confidential shall be designated as "Confidential" on the front of each one-page document and on each page of each multi-page document. Any nondocumentary information deemed confidential that is provided in written form shall be noted with the legend "Confidential." Any document or written nondocumentary information so designated shall be accorded the confidential treatment provided in this Protective Order. If a party desires to designate any document produced to date in discovery as "confidential," counsel shall serve a designation in writing on opposing counsel within ten (10) days of entry of this Order.

4. Should any Confidential Information be used or elicited during the taking of any deposition, counsel shall be afforded an opportunity to designate as confidential any portion of the transcript containing any reference to such information. Any portions so designated will be deemed Confidential Information and accorded the protection of this Protective Order. The court reporter or other official making a transcript of the deposition will be advised to identify

those pages of the transcript afforded confidential treatment in the table of contents or other appropriate location at the front of the transcript.

5. All summaries and exhibits prepared from Confidential Information shall be stamped "Confidential" by counsel causing them to be prepared.

6. Access to Confidential Information is on a strict "need-to-know" basis and is restricted to the following persons:

(a) Counsel of record in this litigation, and their partners, associates, and employees who actually are working on this litigation;

(b) Experts and consultants actually retained or employed to consult with, advise, or assist counsel in the preparation or trial of this litigation, provided that any such expert or consultant shall first agree in writing to abide by the terms of this Protective Order;

(c) Parties,

(d) Any fact witness whom the parties intend to call at trial, provided that they first shall agree in writing to abide by the terms of this Protective Order;

(e) This Court; and

(f) Any deponent noticed by either party.

7. Disclosure or use of Confidential Information is prohibited except as provided in paragraphs 6(a)-6(f) unless written consent from the parties or authorization of the Court is obtained prior to disclosure or use.

8. All persons having access to Confidential Information made available pursuant to this agreement shall agree not to make any use of Confidential Information except in connection

with this litigation and further shall agree not to deliver or transfer Confidential Information to any person not previously authorized by the terms of this Protective Order.

9. All copies of Confidential Information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

9. Upon the final termination of this litigation (either by settlement, the expiration of time to appeal from an adverse ruling, or the exhaustion of all appellate remedies), counsel shall forward on demand to opposing counsel all Confidential Information, or any extract, summary, or copy of such Confidential Information. Counsel is responsible under the provisions of this paragraph for the return of any Confidential Information given to any person identified in paragraph 6. Counsel may retain attorney work product concerning Confidential Information.

10. No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. The parties agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

11. The failure to insist upon full compliance with any of the terms of this Protective Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

12. Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the Court.

Dated at Denver, Colorado, this 11th day of January, 2007.

                                                            BY THE COURT:

                                                            s/ Michael E. Hegarty
                                                            Michael E. Hegarty
                                                            United States Magistrate Judge